

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-20-2005

# McNeil v. Rizzo

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3209

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"McNeil v. Rizzo" (2005). *2005 Decisions.* Paper 516.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/516

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

APS-353                                                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-3209

ANTHONY MCNEIL,

Appellant

v.

ANNETTE RIZZO

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 05-cv-00251)
District Judge:  Honorable Kim R. Gibson

_____

Submitted Under 28 U.S.C. § 1915(e)(2)(B)
September 1, 2005
Before: SLOVITER, FUENTES AND NYGAARD, CIRCUIT JUDGES

(Filed: September 20, 2005)

_____

OPINION

_____

PER CURIAM

Appellant Anthony McNeil appeals from the dismissal of his complaint under 28

U.S.C. § 1915(e)(2)(B).  The complaint fails to state a claim upon which relief can be

granted and seeks monetary relief against a party who is immune.  We will dismiss the

appeal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

On May 11, 2005, McNeil filed a complaint alleging that he is unlawfully

incarcerated at SCI-Houtzdale. He complains that he is not under any sentence and has no charges currently pending. However, he names only one Defendant, Court of Common Pleas Judge Annette Rizzo. The District Court found that Judge Rizzo is absolutely immune to suit in her judicial capacity and dismissed the complaint pursuant to § 1915(e)(2)(B). The Court also held that if McNeil is unlawfully incarcerated, a habeas petition under 28 U.S.C. § 2254 is the appropriate method for obtaining relief.

We have jurisdiction under 28 U.S.C. § 1291. We will dismiss an appeal under § 1915(e)(2)(B)(i) when the appeal is completely lacking in legal or factual merit. See Neitzke v. Williams, 490 U.S. 319, 325 (1989). Assuming arguendo that McNeil is unlawfully incarcerated, an assumption which the record does not support,[1] Judge Rizzo is still entitled to absolute immunity. See Mireles v. Waco, 502 U.S. 9, 9-10 (1991). Only two exceptions to judicial immunity exist. A judge is not immune from liability for non-judicial acts, and a judge is not immune when an act, even if judicial in nature, is taken in the absence of jurisdiction. Id. at 11. McNeil does not argue, and the record does not support, that either exception applies. Additionally, to the extent McNeil seeks to challenge the fact of his confinement, a petition pursuant to 28 U.S.C. § 2254 is the exclusive method for seeking relief. See Heck v. Humphrey, 512 U.S. 477, 481 (1994)

---

[1] The Magistrate Judge attached to his report and recommendation McNeil's Pennsylvania Superior Court docket. The docket reflects that McNeil was convicted of multiple offenses on July 1, 2003. The Superior Court affirmed his conviction and sentence on January 26, 2005. Contrary to McNeil's assertion, it does not appear that he is being held for no reason.

2

(citing <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 488-90 (1973)).

For the foregoing reasons, the appeal is frivolous. Accordingly, we will dismiss.